AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Michael Robert Moura ) | Case No.   1:21-cr-10182-GAO |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☑ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
        ☑ **(e)** any felony that is not otherwise a crime of violence but involves:
          **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
          **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ❏ Subject to lengthy period of incarceration if convicted
  ☑ Prior criminal history
  ☑ Participation in criminal activity while on probation, parole, or supervision
  ☑ History of violence or use of weapons
  ❏ History of alcohol or substance abuse
  ❏ Lack of stable employment
  ❏ Lack of stable residence
  ❏ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

At the time of his arrest on the above-captioned charges, which include being a felon in possession of firearms (two) and receipt and possession of an unregistered firearm, the 27 year old defendant, who is a lifelong Massachusetts resident, was on probation after having completed a state sentence for criminal harassment.  In addition, he was also the subject of a civil restraining order, one of five restraining orders issued against the defendant by five different people, male and female, over a four year period.

At the detention hearing the government proceeded by proffer, relying on the affidavit in support of the Criminal Complaint, by agreement of the parties.  According to the affidavit, the defendant had conversations with four separate law enforcement agents, who were operating in an undercover capacity, regarding the purchase of firearms over the course of about four months. When he did not have enough money to purchase the contemplated firearms, he agreed to courier purported contraband in order to earn the money or credit towards the purchase.  After several trips for which he was paid either in cash or credit toward the purchase, the defendant met an undercover law enforcement agent to finalize the purchase.

On April 28, 2021 the defendant drove to the Westgate Mall in Brockton for a prearranged rendezvous at which the guns were to be delivered to the defendant.  The defendant stepped out of his car and entered the parked vehicle of an undercover ("UC") law enforcement agent. The UC showed the defendant two firearms, a Glock Model 22 which the defendant handled and a Colt M16 model rifle which was in a hockey bag on the back seat.  The UC also showed the defendant a rifle selector, which allows the rifle to fire in a fully automatic capacity. The defendant gave $600 to the UC and took the hockey bag with the two guns, the rifle selector, three Glock magazines, and over 300 rounds of ammunition and returned to his car placing the hockey bag on the back seat.  He was arrested immediately by surveillance agents.

According to the affidavit, the defendant came to the attention of the Federal Bureau of Investigation as the result of an investigation regarding a series of online threats made to a "victim."  Subsequent inquiries revealed that the threats originated from the defendant, who is the victim's previous boyfriend.  A state court granted the victim a harassment prevention order ("HPO") on October 8, 2019.  However, the communications and harassment continued and the defendant was charged with criminal harassment for which the maximum penalty is two and one half years.  He pled guilty on April 21, 2020 and was sentenced to 166 days in the House of Correction.  Sometime after being released from custody the defendant spoke with a UC, who was assigned to investigate groups that have professed a willingness to use violence to further political or social ideology.  The defendant inquired about purchasing firearms from the UC and the events outlined above followed culminating in the defendant's arrest in this case.  During the course of the investigation the defendant made statements, as outlined in the affidavit, that he wanted to stockpile [weapons] and added, "I don't want to be on any kind of list, you know what I mean, because when they try and confiscate guns, like, it's all those people."

The evidence against the defendant is strong and uncontroverted.  This court finds by clear and convincing evidence that there are no conditions or combination of conditions that will assure the safety of the community if the defendant is released.  This court does not find that the defendant, a lifelong Massachusetts resident, constitutes a risk of nonappearance.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 08/12/2021                                    _Marianne B. Bowler, USMJ_
                                                             United States Magistrate Judge